**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**
**COLUMBUS, OHIO**

| | |
|---|---|
| **PAMELA CURRY,** | **Case Number** |
| **C/O THE LAW OFFICE OF ERIC ALLEN, LTD** | |
| **4200 Regent, Suite 200** | **Judge** |
| **Columbus, Ohio 43219** | **Magistrate** |

**GREGORY CURRY**
**C/O THE LAW OFFICE OF ERIC J ALLEN, LTD**
**4200 Regent, Suite 200**
**Columbus, OH 43219**

**Plaintiffs,**

**v.**

**ANNETTE CHAMBERS-SMITH**
**DIRECTOR, OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS**
**IN HER INDIVIDUAL AND PROFESSIONAL CAPACITY**
**4545 Fisher Road, Suite D,**
**Columbus, OH 43228**

**AND**

**CHIEF INSPECTOR CHRISTOPHER LAMBERT**
**IN HIS INDIVIDUAL AND PROFESSIONAL CAPACITY**
**4545 Fishers Road**
**Columbus, Ohio 43228**

**AND**

**WARDEN BRYAN PALMER IN HIS PERSONAL AND PROFESSIONAL CAPACITY**
**Ohio State Penitentiary**
**878 Coitsville-Hubbard Road**
**Youngstown, OH 44505**

**Defendants,**

**COMPLAINT FOR RELIEF UNDER 42 U.S.C. 1983**

**TRIAL BY JURY DEMANDED**

## INTRODUCTION

**1.** Plaintiffs are a couple that were married in and enjoyed in-person visitation regularly while Greg was imprisoned for convictions from Scioto County, Ohio.

**2.** Another inmate stole Pam's information from Greg and had an unknown outside induvial send contraband to him at the Chapel. Greg was given a ticket for this contraband. The other inmate was not given a ticket, nor was the contraband taken from him. This inmate has been released from ODRC. The held hearing produced no evidence that Greg was privy to this conveyance or that he took part.

**3.** Each and every warden of each institution has upheld this visitation restriction. The most recent is the warden for the Ohio State Penitentiary. This has now been deemed a permanent restriction.

## JURISDICTION

4. This Court has jurisdiction over the action under 28 U.S.C. §§ 1331 and 1343. This action arises under the Fourteenth Amendment to the United States Constitution and under federal laws, 42 U.S.C. §§ 1981 and 1983.

## VENUE

5. Venue in this Court is proper under 28 U.S.C. § 1391. This court has personal jurisdiction over the defendants sued in their capacities in this matter because the events giving rise to this claim occurred in this district.

## PLRA

6. Under the PLRA, a prisoner may not sue to vindicate his constitutional rights under 42 U.S.C. § 1983 unless he has first exhausted the administrative remedies available to him. **42 U.S.C. § 1997e(a).** "This requirement is a strong one." **Napier v. Laurel County, 636 F.3d 218, 222 (6th Cir. 2011).** It requires "proper exhaustion," which " means using all steps that the agency holds out, and doing so properly.'" **Woodford v. Ngo, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002))**

7. Both Plaintiffs have exhausted internal remedies, allowing them to pursue this matter in the federal court. Some internal grievances are still being processed, yet the Defendants continually restrict the visitation of the Plaintiffs.

## PARTIES

8. Plaintiff Pamela Curry is the wife of Greg Curry, incarcerated at the Ohio State Penitentiary.

9. Plaintiff Greg Curry is housed at the Ohio State Penitentiary. He is serving numerous sentences from Scioto, Summit, and Mahoning counties.

10. Defendant Annette Chambers-Smith is the Director of the Ohio Department of Corrections and Rehabilitation (from now on ODRC). She oversees all matters involving ODRC. She is being sued in her personal and professional capacity. She is responsible for setting policy for visitation revocation.

11. Defendant Christopher Lambert is the Chief Inspector at ODRC. He is responsible for answering all grievances made by prisoners within ODRC. He is being sued in

his personal and professional capacity. He has received and ignored the grievances sent to him by both Plaintiffs regarding visitation.

12. Defendant Bryan Palmer is the Warden of Ohio State Penitentiary, responsible for the prison's day-to-day operations. Both inmates have made the Warden aware that the process for denying visitation violated their due process.

## ALLEGATIONS OF FACT

**13.** The plaintiffs are a married couple, one of whom is incarcerated in the Ohio State Penitentiary serving a life sentence for aggravated murder. For an extended period, Plaintiffs enjoyed in-person visitation.

**14.** Another inmate, illegally using Plaintiff Pam Curry's address as the return address, had contraband sent into the institution. Defendants gave Plaintiff Greg Curry an RIB ticket for contraband. A hearing was set. Plaintiff Greg Curry was not present. At this hearing, the inmate who illegally used Pam's address was not called, nor was he cited with an RIB ticket. He has since been released from prison.

**15.** Defendants have determined that in-person visitation between the plaintiffs shall be permanently suspended while Greg is incarcerated. They have allowed video visitation intermittently but have banned in-person visitation. Most recently, Warden Palmer has determined that this visitation ban is permanent.

## LEGAL CONCEPTS

### *Section 1983*

16. Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States. *42 U.S.C. § 1983*. This

section creates no new substantive rights but provides a remedy for violating a federal constitutional or statutory right conferred elsewhere. *Baker v. McCollan, 443 U.S. 137, 144 n.3, 61 L. Ed. 2d 433, 99 S. Ct. 2689 (1979).*

17. Constitutional violations under section 1983 are a species of tort liability. *See Carey v. Piphus, 435 U.S. 247, 253-55, 98 S. Ct 1042, 55 L. Ed. 2d 252 (1978); City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 727, 119 S. Ct. 1624, 143 L. Ed. 2d 882 (1999) (Scalia, J., concurring partly).* Tort law measures causation by reference to two standards: proximate and but-for cause. "Proximate cause is often explicated in terms of foreseeability or the scope of the risk created by the predicate conduct." *Paroline v. United States, 572 U.S. 434, 445, 134 S. Ct. 1710, 188 L. Ed. 2d 714 (2014).* It precludes liability only "where the causal link between conduct and result is so attenuated that the consequence is more aptly described as mere fortuity." *Id.* But-for causation exists where the alleged injury or result would not have occurred "but for" that conduct. *White v. Roper, 901 F.2d 1501, 1505-06 (9th Cir. 1990).*For liability against a supervisor, "liability must be based on more than the respondent

superior." *Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).* "Nor can liability of supervisors be based solely on the right to control employees" or "simple awareness of employees' misconduct." *McQueen v. Beecher Cmty. Schs., 433 F.3d 460, 470 (6th Cir. 2006) (internal citations omitted).* Instead, "a supervisory official's failure to supervise, control, or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident or misconduct or in some other way directly participated in it.'" Id. (quoting Shehee,

199 F.3d at 300). "At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Shehee, 199 F.3d at 300*. "A mere failure to act will not suffice to establish supervisory liability." *Gregory v. City of Louisville, 444 F.3d 725, 751 (6th Cir. 2006).* Therefore, personal liability against a supervisor "under § 1983 must be based on active unconstitutional behavior." *Shehee, 199 F.3d at 300.*

*Right to Visitation*

*18.* Prison regulations limiting prisoner visitation held to be in violation

neither the First Amendment right to freedom of association nor the Eighth Amendment prohibition against cruel and unusual punishment. **Overton v Bazetta, 539 U.S. 126.** However, this court further said," If the withdrawal of all visitation privileges were permanent or for a much-extended period, or if it were applied arbitrarily to a particular inmate, the case would present different considerations." **Id at 137.**

## FIRST CLAIM:

## DEFENDANTS HAVE VIOLATED THE PLAINTIFF'S RIGHT TO FREE ASSOCIATION BY PERMANENTLY PREVENTING IN-PERSON VISITATION

19. Plaintiff realleges and incorporates paragraphs 1-20 in this claim.

**20.** The Defendants have permanently enjoined the Plaintiffs from visiting in person while Greg is incarcerated. This restriction was followed and upheld when Greg was moved from Toledo Correctional to the Ohio State Penitentiary.

21. This permanent restriction of in-person visitation between husband and wife

violates both Plaintiffs' right to association under the First Amendment to the Federal Constitution.

23. The court has to look (1) whether the regulation has a "'valid, rational connection'" to a legitimate governmental interest; (2) whether alternative means are open to inmates to exercise the asserted right; (3) what impact an accommodation of the right would have on guards, inmates and prison resources; and (4) whether there exist "ready alternatives" to the regulation. **Overton, 539 U.S. at 132 (quoting Turner, 482 U.S. at 89-91).**

24. The prison officials have used the visitation regulations to prevent the plaintiffs from in-person visiting permanently in-person. While there are video visits available, the plaintiffs cannot associate in the way they do during in-person visits. The defendants have alleged that the Plaintiffs were smuggling contraband into the institution. However, they have overstepped their right to infringe this freedom by making it permanent. In other words, by making this permanent, the defendants have made it so the courts must consider whether the imposition of the regulation is proper.

25. Here, neither Plaintiff was charged with conveyance nor was convicted of any felony related to conveyance. This differs from the District case of Poole v Mich. Reform, 2010 U.S. Dist.. Lexis 75222. There, a visitation ban was upheld. However, it found," While the Supreme Court did not foreclose the possibility that a de facto permanent ban on all visitation might cease to be rationally connected to legitimate security interests in a particular case, the restriction against Plaintiff's fiancée is rationally and closely linked to the legitimate penological interest in preventing smuggling of drugs." **Id at 30-32.**

**26.** This permanent ban is not rationally related to any penological interest. The claimed reason is that both plaintiffs conspired to bring drugs into the institution. Neither Pam nor Greg was charged or convicted of conveyance. Only a RIB hearing that did not take testimony from the other inmate involved.

**27.** Certainly, the prison could allow in-person visitation, but the prisoner would be behind glass and unable to touch the visitor. There would then be no reason for exchanging contraband between the two. This would allow them to associate and not allow any possible way for conveyance.

## SECOND CLAIM

## THE DEFENDANTS HAVE VIOLATED PLAINTIFF GREG CURRY'S RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT

28. Plaintiffs incorporate the allegations in paragraphs 1-27 by reference.

29. This permanent restriction of in-person visitation between husband and wife violates Plaintiff Greg Curry's right against cruel and unusual punishment.

30. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." **Rhodes v. Chapman, 452 U.S. 337, 345-46, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981).** The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." **Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting Rhodes, 452 U.S. at 346**). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." **Rhodes, 452 U.S. at 347; see also Wilson v. Yaklich, 148 F.3d 596, 600-01 (6th Cir. 1998)**. The Eighth

Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." **Rhodes, 452 U.S. at 348 (citation omitted).** Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." **Ivey, 832 F.2d at 954.**

31. Plaintiff Greg Curry has been locked up for decades. His wife, the Plaintiff Pam Curry, is the only light in that lengthy incarceration. Based on the illegal actions of another inmate who took Plaintiff Pam Curry's address and used it to import contraband. This inmate has never been charged or given a ticket despite the fact that this person was allowed to keep the contraband they have since been released from prison.
32. This permanent restriction on visitation violates his right against cruel and unusual punishment.

**JURY DEMAND**

As a result, the plaintiff demands a jury trial of all claims contained in this complaint.

**PRAYER FOR RELIEF**

The plaintiff prays for the following relief:

A. Injunctive Relief- Reverse the hearing decision to restrict in-person visitation between the plaintiffs.

B. Damages more than seventy-five thousand dollars as determined by a jury

C. Reasonable attorney's fees

Respectfully submitted,

**S/ Eric J Allen**


ERIC J ALLEN (0073384)
The Law Office of Eric J Allen, LTD
4200 Regent, Suite 200
Columbus, Ohio 43219
Tele No. 614.443.4840
Fax No. 614.573.2924
Email:eric@eallenlaw.com