IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA CURRY, *et al.*, | : | |
| | : | Case No. 2:25-cv-00949 |
| Plaintiffs, | : | |
| | : | |
| v. | : | Judge Algenon L Marbley |
| | : | |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT [DOC. 1]**

NOW COME Defendants, Ohio Department of Rehabilitation and Correction ("ODRC") Director Annette Chambers-Smith, Chief Inspector Christopher Lambert, and Warden Bryan Palmer ("Defendants"), by and through the undersigned counsel, and respectfully move this Court to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(6). As set forth below, Plaintiffs fail to state a claim upon which relief can be granted under 42 U.S.C. 1983. The Complaint lacks sufficient factual allegations to support claims under the First or Eighth Amendments, fails to demonstrate exhaustion of administrative remedies under the Prisoner Litigation Reform Act ("PLRA"), and does not establish standing or injury for Plaintiff Pamela Curry.

A Memorandum in Support is attached hereto.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

/s/ *Nicole Claire Hendrix*
NICOLE CLAIRE HENDRIX (0104232)*
    *Lead Counsel*
D. CHADD MCKITRICK (0073750)
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 644-7233/Fax: 866-372-7129
Nicole.Hendrix@OhioAGO.gov
Daniel.McKitrick@OhioAGO.gov

*Counsel for Defendants*

2

**MEMORANDUM IN SUPPORT**

**I.       INTRODUCTION**

Plaintiffs, Gregory and Pamela Curry ("Plaintiffs"), bring this civil rights action under 42 U.S.C. 1983, alleging that a permanent restriction on in-person visitation violates their constitutional rights. (*See* Complaint, Doc. 1). However, the Complaint fails to state a plausible claim for relief. The visitation restriction is reasonably related to legitimate penological interests, does not constitute cruel and unusual punishment, and does not deprive either plaintiff of a protected constitutional right. Rather, Plaintiffs' Complaint concedes there are no First or Eighth Amendment violations as it pertains to prison regulations on prisoner visitations. (Doc. 1, PageID 6 at ¶ 18). Moreover, the Complaint fails to allege facts showing exhaustion of administrative remedies as required by the PLRA, and Plaintiff Pamela Curry fails to allege any personal injury or constitutional deprivation.

**II.      STANDARD OF REVIEW**

    **A.       Fed. R. Civ. P. 12(b)(6)**

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rules authorize dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court of the United States has interpreted Rule 8(a) to mean that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Plaintiff's obligation to provide the grounds for his claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. A

3

complaint must contain "enough facts to state a claim to relief that is plausible on its face," meaning it must nudge the claims "across the line from conceivable to plausible." *Id*. at 570.

In expanding upon *Twombly's* "facial plausibility" test, the Supreme Court has held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the pleading standard announced in *Twombly* does not require "detailed factual allegations," it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Naked assertions devoid of further factual enhancement" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (internal quotation marks omitted).

Although factual allegations are to be accepted as true, a court does not have to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. In the context of civil rights actions, "conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim." *Harden-Bay v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (quoting *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996)).

To establish liability under 42 U.S.C. 1983, a plaintiff must plead that a defendant is personally responsible for the unconstitutional actions which injured him. *Balderson v. Mohr*, No. 2:12-cv-235, 2012 U.S. Dist. LEXIS 60567, 2012 WL 1552776 (S.D. Ohio May 1, 2012); *see also Heyerman v. Cnty. of Calhoun*, 680 F.3d. 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."); *Murphy v. Grenier*, 406 F. App'x 972 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."). The collective acts of multiple defendants cannot

4

be ascribed to an individual defendant; the plaintiff must state a plausible constitutional violation against each defendant. *See Reilly v. Vadlamudi*, 680 F.3d 617, 624-25 (6th Cir. 2012) (citing *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) ("[A] complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights." (citing *Rizzo v. Goode*, 423 U.S. 362, 371 (1976))). Plaintiffs' Complaint fails to state a claim for relief against Defendants and should therefore be dismissed.

### III. ARGUMENT

#### A. Plaintiffs Fail to State a First Amendment Claim

Prisoners do not have an unfettered constitutional right to in-person visitation. The Supreme Court has held that restrictions on visitation do not violate the First Amendment, so long as they are reasonably related to legitimate penological interests. *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). Federal courts have consistently held that prisoners have no constitutionally protected liberty interest in visitation. *Cook v. Davis*, No. 1:19-cv-624, 2019 U.S. Dist. LEXIS 160790, at *9, 2019 WL 4564741 (S.D. Ohio Sep. 20, 2019) (citing *Kanatzer v. Snellan*, No. 3:19-cv-P179, 2019 U.S. Dist. LEXIS 72582, at *5, 2019 WL 1928524 (W.D. Ky. Apr. 30, 2019)). Denying a particular visitor access to an inmate falls within the expected conditions of incarceration. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989).

Here, the restriction on in-person visitation is clearly related to a legitimate penological interest, namely, institutional security following a contraband incident. This aligns with the Supreme Court's holding in *Overton*, which permits such restrictions when reasonably related to

safety and order within the facility. While the *Overton* court acknowledged "[i]f the withdrawal of all visitation privileges were permanent or for a much longer period [two years], or if it were applied in an arbitrary manner to a particular inmate, the case would present different considerations," *Overton,* 539 U.S. at 137, the Complaint itself concedes that the restriction was imposed following a contraband incident and disciplinary proceedings. (Doc. 1, PageID 4 at ¶ 14).

Even if the restriction is permanent, *Overton* explicitly left open the possibility that such a restriction could be constitutional if justified, something Plaintiffs fail to do. Plaintiffs merely allege that Defendants "determined that in-person visitation between plaintiffs shall be permanently suspended," while also acknowledging that visitation is still permitted through "video visitation." (*Id*. at ¶ 15). Plaintiffs do not plausibly allege that the restriction was arbitrary or unrelated to legitimate security concerns. Moreover, they provide no timeline indicating when in-person visitation was last permitted, when the contraband incident and disciplinary proceedings occurred, or when the decision to terminate in-person visitation was made. Providing absolutely no dates for the alleged conduct fails to support any claim of any permanent denial of in-person visitation. The availability of video visitation further undermines any claim of total deprivation of association.

Plaintiffs fail to state a First Amendment claim because the alleged restriction on in-person visitation is reasonably related to legitimate security concerns, does not constitute a total denial of association, and falls well within the bounds of constitutionally permissible limitations on prisoner rights. Accordingly, the Complaint should be dismissed.

      B.      **Plaintiffs Fail to State an Eighth Amendment Claim**

To state a claim under the Eighth Amendment, Plaintiffs must allege the deprivation of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347

(1981). The Eighth Amendment is concerned only with deprivations involving essential needs such as food, medical care, or sanitation, or with other conditions so severe that they are intolerable for prison confinement. *Brown-Austin v. Chambers-Smith*, No. 1:24-cv-397, 2025 U.S. Dist. LEXIS 137491, at *37 (S.D. Ohio July 18, 2025) (citing *Rhodes*, 452 U.S. at 348). The absence of in-person visitation, while potentially burdensome, does not rise to the level of cruel and unusual punishment. As the court explained in *Lyons v. Gilligan*, "[t]he absence of [in-person] visiting in prisons is not excessive punishment in itself. . . .[i]t is merely a customary concomitant of the punishment of incarceration." *Lyons v. Gilligan*, 382 F. Supp. 198, 201 (N.D. Ohio 1974) (holding that the lack of conjugal visitation or sexual intimacy during visits did not violate the Eighth Amendment). Accordingly, the denial of in-person visitation, particularly where video visitation is available, does not constitute cruel and unusual punishment.

Here, although Plaintiff Gregory Curry is serving a life sentence, the Complaint acknowledges that "[f]or an extended period, Plaintiffs enjoyed in-person visitation." (Doc. 1, PageID 4 at ¶ 13). Plaintiffs now allege that in-person visitation has been restricted, but they also concede that video visitation remains available. (*Id*. at ¶ 15). Beyond the loss of in-person visitation, of which a timeframe is not provided to support that it is permanent as alleged, Plaintiffs do not allege any deprivation of essential needs such as food, medical care, or sanitation, nor do they describe any other conditions that would be considered intolerable for prison confinement. Additionally, the continued availability of video visitation further undermines any claim that the current conditions amount to cruel and unusual punishment under the Eighth Amendment. Because Plaintiffs fail to state an Eighth Amendment claim, the Court should dismiss the Complaint.

### C. Plaintiffs Fail to Allege Personal Involvement by Defendants

Plaintiffs bring claims under 42 U.S.C. 1983, alleging constitutional violations by officials within the ODRC who serve in a supervisory capacity. However, their claims against Defendants are legally deficient under well-established precedent.

It is a foundational principle that 42 U.S.C. 1983 does not impose liability under a theory of respondeat superior. To state a claim under 42 U.S.C. 1983, a plaintiff must allege two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Swain v. Chambers-Smith*, No. 2:23-cv-2809, 2023 U.S. Dist. LEXIS 225685, at *10, 2023 WL 8787760 (S.D. Ohio Dec. 19, 2023). The Supreme Court has made clear that a government official cannot be held liable solely because they supervise an employee who allegedly committed a constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, each defendant must be personally involved in the alleged misconduct. The Sixth Circuit has consistently reinforced this requirement holding that liability under 42 U.S.C. 1983 must be based on active unconstitutional behavior, not merely a failure to act or respond to grievances. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Similarly, the court emphasized that "simple awareness of employees' misconduct" is not enough. *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006).

The Complaint contains only conclusory allegations that Defendants "upheld" the visitation restriction (Doc. 1, PageID 2 at ¶ 13, PageID 6 at ¶ 20, PageID 7 at ¶ 25), that Defendant Lambert "ignored grievances" (*Id.*, PageID 3 at ¶ 11), and that Defendant Palmer "determined" the restriction would be permanent (*Id.* PageID 4 at ¶ 15). However, these assertions fail to allege any specific facts demonstrating that the defendants personally participated in the alleged unconstitutional conduct, encouraged or directed it, or knowingly acquiesced in the misconduct of

subordinates. Aside from Defendants Director Chambers-Smith and Chief Inspector Lambert being named as a party (*Id.*, PageID 3 at ¶¶ 10, 11), there are no specific facts alleged beyond the general use of the term "Defendants" within the conclusory allegations for stating a claim. Plaintiffs' failure of stating any specific facts for those Defendants along with the conclusory allegation that Defendant Palmer made a determination should result in the Court dismissing the Complaint. Absent such factual support, the complaint does not satisfy the pleading standards required to survive a motion to dismiss under *Iqbal*, *supra*, and *Twombly*, *supra*.

   **D.** **Plaintiffs Fail to Adequately Plead Exhaustion of Administrative Remedies Under the PLRA**

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983. . .by a prisoner. . .until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). This exhaustion requirement is mandatory and applies to all inmate suits about prison life, regardless of the nature of the alleged wrong or the relief sought. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The duty to exhaust is "mandatory and without exception." *Salem v. Mich. Dep't of Corr.*, 2019 U.S. Dist. LEXIS 157460, at *48 (E.D. Mich. Sep. 16, 2019). While failure to exhaust is an affirmative defense, dismissal is appropriate where the allegations in the complaint either show non-exhaustion or fail to plausibly allege exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Starner v. Clark*, 2016 U.S. Dist. LEXIS 36291, at *6 (S.D. Ohio Mar. 21, 2016).

Here, Plaintiffs assert in conclusory fashion that they "have exhausted internal remedies" (Doc. 1, PageID 3 at ¶ 7), but the Complaint is devoid of any factual detail supporting that assertion. It fails to allege what administrative remedies were pursued, when those remedies were initiated or completed, how the grievances were processed or resolved, or why any remedies were unavailable or inadequate. Such vague and conclusory assertions are insufficient to survive a motion to dismiss. *See Jone*, 549 U.S. at 218.

9

Moreover, Plaintiffs show non-exhaustion as the Complaint expressly concedes that "[s]ome internal grievances are still being processed." (Doc. 1, PageID 3 at ¶ 7). This admission is fatal to their claims. Under the PLRA, a grievance is not considered exhausted until the prisoner has completed all available steps in the administrative process, including any required appeals. *Allah-U-Akbar v. Ohio*, No. 2:19-cv-3589, 2020 U.S. Dist. LEXIS 205557, at *7, 2020 WL 6440260 (S.D. Ohio Nov. 3, 2020). The Sixth Circuit has consistently held that pending grievances do not satisfy the exhaustion requirement. See *Reynolds-Bey v. Harris*, 428 F. App'x 493, 500 (6th Cir. 2011) ("When a prisoner's complaint contains a combination of exhausted and unexhausted claims, courts are to dismiss the unexhausted claims but retain and address the exhausted claims.").

Because Plaintiffs failed to allege facts showing that they fully exhausted available administrative remedies before filing suit, and instead admitted that some grievances remain unresolved, their claims should be dismissed under 42 U.S.C. 1997e(a).

### E. Plaintiff Pamela Curry Fails to Allege Any Cognizable Injury and Lacks Standing

Although the Complaint lists Pamela Curry as a co-plaintiff and at times implies she may be incarcerated (e.g., by referencing "both inmates" or "both plaintiffs" in the context of prison grievances), it provides no factual allegations that she is, in fact, incarcerated or that she has suffered a constitutional injury sufficient to confer standing under 42 U.S.C. 1983.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege that she suffered a deprivation of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, to establish Article III standing, a plaintiff must show: (1) an injury in fact; (2) that is

fairly traceable to the defendant's conduct; and (3) that is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

Here, Plaintiff Pamela Curry alleges no facts showing that she was denied access to the prison, subjected to any disciplinary process, or otherwise deprived of a constitutional right. The Complaint's only references to her involvement is that another inmate used her address to receive contraband and that she is Greg Curry's wife. (Doc. 1, PageID 4 at ¶¶ 13, 14). These facts, even if true, do not establish a personal injury or constitutional violation.

To the extent Plaintiff Pamela Curry asserts a derivative claim based on her relationship with Gregory Curry, such claims are not independently actionable under 42 U.S.C. 1983. See *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) ("Section 1983 does not permit recovery for the deprivation of someone else's constitutional rights."). Accordingly, all claims asserted by Plaintiff Pamela Curry should be dismissed for failure to state a claim and for lack of standing.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint in its entirety with prejudice.

Respectfully submitted,

DAVE YOST (0056290)
Ohio Attorney General

/s/ *Nicole Claire Hendrix*
NICOLE CLAIRE HENDRIX (0104232)*
    *Lead Counsel*
D. CHADD MCKITRICK (0073750)
Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 644-7233/Fax: 866-372-7129
Nicole.Hendrix@OhioAGO.gov
Daniel.McKitrick@OhioAGO.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2025, a copy of *Defendants' Motion to Dismiss Plaintiffs' Complaint [Doc. 1]* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Nicole Claire Hendrix*
NICOLE CLAIRE HENDRIX (0104232)
Assistant Attorney General