**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**
**COLUMBUS, OHIO**

**PAM CURRY, ET AL,** **Case # 2:25-CV-949**

**Plaintiffs,** **Judge Marbley**

**v.**

**ANNETTE CHAMBERS-SMITH, ET AL,**

**Defendants,**

---

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

---

**The Law Office of Eric J Allen, LTD**
**4200 Regent, Suite 200**
**Columbus, Ohio 43219**
**Tele No. 614.443.4840**
**Fax No. 614.573.2924**
**Email:eric@eallenlaw.com**
**Counsel for Plaintiff**

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

## I. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Although this standard does not require 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" **Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).**

Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" **Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570)**. This requires "more than a sheer possibility that a defendant has acted unlawfully." **Id.** A complaint that pleads facts "merely consistent with" liability, "stops short of the line between possibility and plausibility of entitlement to relief." **Id. (internal quotation marks omitted).** "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." **Id.** Finally, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Id. at 678.**

The Court "must construe the complaint in a light most favorable to plaintiffs, accept all well-pled factual [*4] allegations as true, and determine whether plaintiffs undoubtedly can prove no set of facts in support of those allegations that would entitle them to relief." **Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008).** However, the Court need not accept legal conclusions or unwarranted factual inferences as true. **Montgomery v. Huntington Bank,**

**346 F.3d 693, 698 (6th Cir. 2003) (quoting Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)).**

## II. PLAINTIFF STATED A FIRST AMENDMENT CLAIM

**a.** *Defendant's Claim*

Defendants' claim in their motion," Plaintiffs fail to state a First Amendment claim because the alleged restriction on in-person visitation is reasonably related to legitimate security concerns, does not constitute a total denial of association, and falls well within the bounds of constitutionally permissible limitations on prisoner rights. Accordingly, the Complaint should be dismissed." **R. 5, Motion to Dismiss, at pageid # 20.**

**b.** *Plaintiff's Response*

The *Overton* court was faced with an inmate who brought drugs into the institution. **Overton v Bazetta, 539 U.S. 126, 134.** Here, another inmate used Plaintiff's name and address as the return address to bring in a book that smelled of perfume. The other inmate was *allowed* to keep the book and not subject to disciplinary proceedings. Greg Curry was found guilty of a contraband ticket and had his visitation withheld, permanently.

Defendants allowed the person who brought in the so-called contraband to keep the so-called contraband. Defendants rely upon the hearing finding Greg Curry guilty of the offense. However, if there is a legitimate penological interest in keeping this contraband out, Defendants allowed the other inmate to keep it. It is illogical.

## III. PLAINTIFF STATED AN EIGHTH AMENDMENT CLAIM

**a.** *Defendant's Claim*

Defendant's claim that," Beyond the loss of in-person visitation, of which a timeframe is not provided to support that it is permanent as alleged, Plaintiffs do not allege any deprivation of

essential needs such as food, medical care, or sanitation, nor do they describe any other conditions that would be considered intolerable for prison confinement. Additionally, the continued availability of video visitation further undermines any claim that the current conditions amount to cruel and unusual punishment under the Eighth Amendment. Because Plaintiffs fail to state an Eighth Amendment claim, the Court should dismiss the Complaint. **R. 5, Motion to Dismiss, at pageid # 21.**

**b.** *Plaintiff's Response*

Plaintiff has stated a valid Eighth Amendment claim. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." **Rhodes v. Chapman, 452 U.S. 337, 345-46, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981).** The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." **Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting Rhodes, 452 U.S. at 346)**. The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." **Rhodes, 452 U.S. at 347; see also Wilson v. Yaklich, 148 F.3d 596, 600-01 (6th Cir. 1998).** The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." **Rhodes, 452 U.S. at 348 (citation omitted).** Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." **Ivey, 832 F.2d at 954.** "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" **Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (quoting**

**Rhodes, 452 U.S. at 347)**. As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." **Id.**

This permanent ban on in-person visitation is a deprivation that is a wanton infliction of pain, and not mere discomfort. Not being able to see your wife in person for so called contraband that the prison officials *allowed* another inmate to keep.

## IV. PLAINTIFFS HAVE ALLEGED SUFFICIENT PERSONAL INVOLVEMENT

### *a. Defendant's Claim*

Defendants claim,"The Complaint contains only conclusory allegations that Defendants "upheld" the visitation restriction (Doc. 1, PageID 2 at ¶ 13, PageID 6 at ¶ 20, PageID 7 at ¶ 25), that Defendant Lambert "ignored grievances" (Id., PageID 3 at ¶ 11), and that Defendant Palmer "determined" the restriction would be permanent (Id. PageID 4 at ¶ 15). However, these assertions fail to allege any specific facts demonstrating that the defendants personally participated in the alleged unconstitutional conduct, encouraged or directed it, or knowingly acquiesced in the misconduct of subordinates. Aside from Defendants Director Chambers-Smith and Chief Inspector Lambert being named as a party (Id., PageID 3 at ¶¶ 10, 11), there are no specific facts alleged beyond the general use of the term "Defendants" within the conclusory allegations for stating a claim. Plaintiffs' failure of stating any specific facts for those Defendants along with the conclusory allegation that Defendant Palmer made a determination should result in the Court dismissing the Complaint. Absent such factual support, the complaint does not satisfy the pleading standards required to survive a motion to dismiss under Iqbal, supra, and Twombly, supra." **R. 5, Motion to Dismiss, at pageid # 22-23.**

*b. Plaintiff's Response*

If the complaint lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met, then it must be dismissed for failure to state a claim. **Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see Fed. R. Civ. P. 12(b)(6)**. A complaint must "raise a right to relief above the speculative level." **Twombly, 550 U.S. at 555**. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. **Id. (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).** The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." **Ashcroft v. Iqbal, 556 U.S. 662, 678-80, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).**

At this point in the litigation, it is difficult to say with certainty what each of the defendants actually did. However, Plaintiff can say Defendant Lambert is responsible for hearing complaints from inmates. He would have to hear the complaint over the visitation. The warden would have to determine whether or not the Plaintiffs would have visitation with eachother. The exact actions that they took in order to deny the complaint or restrict visitation is difficult to ascertain at this point.

## V. PLAINTIFF GREG CURRY HAS EXHAUSTED HIS INTERNAL REMEDIES

*a. Defendant's Claim*

Defendant's claim," Plaintiffs failed to allege facts showing that they fully exhausted available administrative remedies before filing suit, and instead admitted that some grievances

remain unresolved, their claims should be dismissed under 42 U.S.C. 1997e(a)." **R. 5, Motion to Dismiss, at pageid # 24.**

*b. Plaintiff's Response*

Plaintiff has exhausted all internal remedies by sending prison communication or kite to those in charge and appealing all of those to individuals in charge. Defendants would have these documents in their possession.

## VI. PAM CURRY HAS STANDING

a. *Defendant's Claim*

Defendant's claim, " Plaintiff Pamela Curry alleges no facts showing that she was denied access to the prison, subjected to any disciplinary process, or otherwise deprived of a constitutional right. The Complaint's only references to her involvement is that another inmate used her address to receive contraband and that she is Greg Curry's wife. (Doc. 1, PageID 4 at ¶¶ 13, 14). These facts, even if true, do not establish a personal injury or constitutional violation. To the extent Plaintiff Pamela Curry asserts a derivative claim based on her relationship with Gregory Curry, such claims are not independently actionable under 42 U.S.C. 1983. See Claybrook v. Birchwell, 199 F.3d 350, 357 (6th Cir. 2000) ("Section 1983 does not permit recovery for the deprivation of someone else's constitutional rights."). **R. 5, Motion to Dismiss, at pageid # 25.**

*b. Plaintiff's Response*

The state actors are depriving both Plaintiffs of the right to have in person visitation with one another. They have done so without due process to Plaintiff Greg Curry and in fact gave the contraband to another inmate. If the penolgical reason to deny this visitation is safety, Defendants made the prison less safe by placing this contraband with someone else. Plaintiff

Pam Curry did not send this package and should not suffer not seeing her husband in person because of it.

## VII. CONCLUSION

Plaintiffs would request that this court deny the Defendant's Motion to Dismiss in total.

Respectfully submitted,

**S/ Eric Allen**

______________________________

ERIC J ALLEN (0073384)

The Law Office of Eric J Allen,
LTD 4200 Regent, Suite 200
Columbus, Ohio 43219
Tele No. 614.443.4840
Fax No. 614.573.2924
Email:eric@eallenlaw.com
Counsel for Plaintiff

**Certificate of Service**

I hereby certify that a copy of this motion was sent by the court's electronic notification system and by electronic email to the Defendant's Counsel Nicole Hendrix this 8th day of December , 2025.

**s/ Eric Allen**

______________________________

Eric Allen